UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LONZO LEE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) CAUSE NO. 3:02-CV-737RM |
| | ) |
| COUNSELORS, et al., | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

United States Magistrate Judge Christopher A. Nuechterlein issued his report and recommendation on March 18, 2005, finding that a cell extraction team was sent to plaintiff Lonzo Lee's cell at the Miami Correctional Facility on July 12, 2001 because Mr. Lee refused come out of his cell, that Mr. Lee continued to refuse to come out of the cell when the extraction team arrived, that Mr. Lee resisted when the team entered the cell, and that defendant Destin McCord (one of the extraction team) did not use more force than was necessary to remove Mr. Lee from the cell.

Mr. Lee filed his first objections on April 1. The hand-written objections are not easy to follow, but appear to contend Mr. Lee was denied the right to present witnesses and exhibits at trial, that the magistrate judge got the facts wrong, and that Mr. Lee was deprived of a variety of other constitutional rights, such as those relating to personal property and religious items. Mr. Lee sent another letter on May 12 complaining about the trial procedures and appearing to question the truthfulness of some of the defense evidence. The May 12 submission would be

untimely if viewed as separate objections, so the court views the May 12 submission as clarification of the April 1 objections.

The final pretrial order left the excessive force claim against Lt. McCord as the only claim for trial, and Mr. Lee agreed with that proposition at trial before the magistrate judge. Any objection that the magistrate judge should have allowed Mr. Lee to present other issues has no merit. The argument that the magistrate judge disallowed witnesses is contradicted by the record: the magistrate judge allowed Mr. Lee to call witness Ryan Riendaeu and Christopher Johnson, who weren't listed on the final pretrial order as witnesses for either side, and Mr. Lee told the magistrate judge after Mr. Johnson's testimony that he had no other witnesses to call.

Review of the transcript leaves this court in agreement with the magistrate judge's findings of fact. While the testifying members of the extraction team—defendant McCord and Sgt. Riendaeu—conceded lack of memory when they could have embellished the facts, Mr. Lee testified to varying versions of the facts with apparent absolute certainty, claiming as well that he was being poisoned daily in the MCF and that the beating was motivated by his frequent grievances, though he appears not to have grasped the distinction between grievances and conduct reports. A trier of fact must choose between Mr. Lee's version and the version offered by Lt. McCord and Sgt. Riendaeu, and there are far more reasons to doubt Mr. Lee's version.

The court overrules all of the plaintiff's objections to the magistrate judge's

2

report and recommendation of March 18, 2005. The clerk shall enter judgment for Destin McCord on the claims against him, and shall enter judgment of dismissal with respect to the remaining defendants.

SO ORDERED.

ENTERED:  August 25, 2005

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court